FILED
SUPERIOR COURT
OF GUAM

2013 APR 15 PM 4: 04

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF211-12 |
| | ) |
| | ) DECISION AND ORDER |
| | ) |
| v. | ) (Defendant's Motion for Judgment of |
| | ) Acquittal & Motion for a New Trial) |
| LUKE ALLEN PANGELINAN TAITANO | ) |
| DOB: 05/22/1975 | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 16, 2013, on Luke Allen Pangelinan Taitano's ("Defendant") Motion for Judgment of Acquittal and Motion for a New Trial. Assistant Alternate Public Defender Stephen P. Hattori represented Defendant. Assistant Attorney General Lisa D. Hack represented the People of Guam ("the People"). Following the hearing the Court took the matter under advisement. Upon review of the evidence, oral and written arguments, and legal authorities presented by both parties, the Court issues its Decision and Order.

## BACKGROUND

Defendant was indicted on April 5, 2012 by a Superior Court of Guam Grand Jury. The Indictment charged out the following: Second Degree Criminal Sexual Conduct (as a First Degree Felony). Indictment (Apr. 5, 2012). On April 11, 2012, Defendant was arraigned and asserted his right to a speedy trial of twelve jurors. Super. Ct. of Guam Minute Entry Log No.

21906 (Apr. 11, 2012). On April 17, 2012, Defendant waived his right to a speedy trial. Assertion or Waiver of Speedy Trial & Request for Jury of Twelve in Felony Case (Apr. 17, 2012).

Jury selection and trial commenced on November 19, 2012, in accordance with the Court's Scheduling Order. On November 30, 2012, the jury returned a verdict finding Defendant Taitano "guilty" of Second Degree Criminal Sexual Conduct (as a First Degree Felony). Verdict Form 1: CF 211-12 (Nov. 30, 2012). The Court set sentencing for January 3, 2013, however, it was vacated following Defendant's Motion for Judgment of Acquittal and Motion for a New Trial filed on December 6, 2012. The People filed their opposition to the instant motion on January 2, 2013. Likewise, Defendant filed a reply brief on January 10, 2013. The Court heard oral arguments on January 16, 2013, and now issues its Decision.

## DISCUSSION

### Motion for Judgment of Acquittal

"Under Guam law, the trial court 'on motion of a defendant or on its own motion shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment … after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.'" *People v. George*, 2012 Guam 22 ¶ 49 (citing 8 GCA § 100.10 (2005)). "The trial court determines whether a motion for judgment of acquittal should be granted by applying the same test used when the sufficiency of the evidence is challenged." *Id.* (citing *Song*, 2012 Guam 21 ¶ 27) (citing *Tennessen*, 2009 Guam 3 ¶ 4). In the instant case, Defendant moves the Court for judgment of acquittal following a guilty verdict returned by the jury. Guam law provides when a motion is made after a guilty verdict as follows:

> If a jury returns a verdict or is discharged without having returned a verdict, a motion for judgment of acquittal *may be made or renewed* within **seven days**

after the jury is discharged or within such further time as the court may fix during the seven-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

8 GCA § 100.30 (2005)(emphasis added).

With the case at bar, the jury returned a guilty verdict on November 30, 2012. Thereafter, Defendant filed the instant motion on December 6, 2012. Accordingly, the Court finds that Defendant's motion is consistent with the statute's procedural time frame and the Court will consider its merit. Defendant contends that "there was no corroborating evidence, the sole evidence of the incident was the testimony of the victim, Leilah Halmi." Def's. Mot. for Judgment of Acquittal & Mot. for a New Trial (Dec. 6, 2012). "The defense contends that no rational trier of fact could have believed the victim beyond a reasonable doubt." *Id.* Defendant further argues that "[the victim] only testified that she was touched one time. She testified that on other occasions, she felt that someone was trying to touch her, but confirmed that she was only touched one time." *Id.* Defendant also argues that "[t]he minor was unable to provide the day, month or year of this single contact." *Id.*

The People oppose defense's motion to acquit and motion for a new trial. The People argue that Defendant's motion is "without merit, thus should be denied." People's Opp'n Mot. at 2 (Jan. 2, 2013).

First, the People address Defendant's argument relative to there not being any corroborating witnesses. The People argue that pursuant to 9 GCA § 25.40, the testimony of a victim need not be corroborated. On this proposition, the Court agrees that in accordance with Guam statute, a victim's testimony need not be corroborated. "However, the People contend that sufficient evidence and corroboration of evidence was provided." *Id.* at 3. The Court also

People v. Luke Allen Pangelinan Taitano (CF211-12)
Decision and Order – Defendant's Motion for Judgment of Acquittal & Motion for a New Trial

Page 3 of 7

recognizes that the People provided testimony from others, including the victim's father, who testified as to when he found out about the molestation, his observations regarding his daughter, as well as to Healing Hearts and counseling visits.

Secondly, the People address Defendant's argument that "the jury erred by finding the defendant guilty based on the dates on the indictment." *Id.* at 5. The People contend that "this information was established on the record by the victim's testimony based on locations she visited which was corroborated by Xylina Halmi's testimony of where the Defendant lived from 2008 to 2011. [Further,] Defense was given an opportunity to cross examine the witness and question her regarding [any] inconsistencies in front of the jury. In addition, defense counsel could have called the victim during their case in chief, to discuss any of the alleged inconsistencies." *Id.*

The Court agrees with the People that any variance the Defendant refers to in this case has not substantially affected the rights of the accused. "To prove Second Degree Criminal Sexual Conduct, there must exist evidence of the following elements: (1) defendant engaged in sexual contact with another; and (2) the other person is under fourteen (14) years of age." *People v. Campbell*, 2006 Guam 14 ¶ 15. The Supreme Court of Guam pointed out in *Campbell* that "[w]ith respect to a variance between the date of the offense as alleged and the date of the offense as proved at trial, a number of jurisdictions hold that while time is an important part of an indictment for sexual offenses, it is not generally considered a substantive part of the charging document." *Id.* Moreover, "[t]ime is a material element of an offense only if made so by statute." *Id.* "[S]ince time is not an element of criminal sexual conduct, it is sufficient if the evidence demonstrates a date reasonably near the date alleged in the indictment. Proof of any

date before the return of the indictment and within the statute of limitations is sufficient." *Id.* at ¶ 17.

As articulated earlier, the Court is to "apply the same test as that used to challenge the sufficiency of the evidence" when considering a Motion for Judgment of Acquittal. *People v. Quinata*, 1999 Guam 6 ¶ 9 (citing *People v. Cruz*, 1998 Guam 18 ¶ 9). The Court "will review the evidence presented against [Defendant] in a light most favorable to the government to determine whether, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Quinata*, 1999 Guam 6 ¶ 9 (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788 (1979)). Accordingly, "it is the responsibility of the trier of fact, and not this court, to fairly 'resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Quinata*, 1999 Guam 6 ¶ 14 (citing *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2789). For the reasons that a victim's testimony need not be corroborated, and the Court's determination that any variance the Defendant refers to in this case has not substantially affected the rights of the accused consistent with *Campbell*, the Court DENIES Defendant's Motion for Judgment of Acquittal.

Motion for a New Trial

Defendant also moves the Court for a new trial. Defendant argues that "a new trial is warranted for the following reasons: the jury obviously erred by finding sexual contact between January 1, 2010 and December 31, 2010 despite the fact that there was no testimony from the minor that she was touched during that period of time." Def's. Mot. for Judgment of Acquittal & Mot. for a New Trial (Dec. 6, 2012). Defendant also contends that "[o]f all possible remedies available to this Court, a new trial would be the least prejudicial to the government since it would place the parties in the same position as if no trial had been had." *Id.*

The People also oppose Defendant's Motion for a New Trial. The Court adopts the People's argument used in opposing Defendant's Motion for Judgment of Acquittal. The People also argue that "[i]n addition, the jury received Jury Instruction 3H which was titled, 'Proof Need Not Show Exact Time of Crime.' The jury chose how to adopt the facts from the evidence presented, how to interpret the jury instruction, and thereafter returned with a guilty verdict." People's Opp'n Mot. at 8 (Jan. 2, 2013).

Defendant also argues that "[t]he government notified [him] that the Mangilao incident was the one identified in the Indictment. However, this changed during trial. This was a bait and switch that resulted in prejudice the [D]efendant's substantial rights." Def.'s Reply Brief (Jan. 10, 2013).

Guam law provides the following grounds for granting a new trial:

(a) The court on motion of a defendant may grant a new trial to him if required in the interests of justice.
(b) If the trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment.
(c) A motion for a new trial based upon the ground of newly discovered evidence may be made only before or within two (2) years after final judgment, but if an appeal is pending the court may grant the motion only on remand a [sic] of the case.
(d) A motion for a new trial based on any ground other than the ground of newly discovered evidence shall be made within seven (7) days after verdict or finding of guilty or within such further time as the court may fix during the seven-day period.

8 GCA § 110.30(2005).

"The trial court's discretion to grant a new trial is much broader than its power to grant a judgment of acquittal in that the trial court 'need not view the evidence in the light most favorable to the verdict.'" *People v. Quinata*, 1999 Guam 6 ¶ 18 (citing *United States v.*

*Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980). This broader grant of discretion allows the trial court to weigh the evidence and evaluate for itself the credibility of the witnesses." *Id.*

In the instant case, the Court relies on its reasoning set forth in the above DENIAL of Defendant's Motion for Judgment of Acquittal. The victim's testimony need not be corroborated. Notwithstanding 9 GCA § 25.40, there was sufficient evidence and corroboration. Likewise, any alleged variance of dates as argued by the Defendant did not rise to substantially affect the rights of the accused. In accordance with the Decision in *Campbell*, 2006 Guam 14, the requisite elements for Second Degree Criminal Sexual Conduct, as charged out in the Indictment was submitted to the jury for their consideration. Accordingly, there was sufficient evidence submitted to the jury in order to render their verdict of guilty in the above captioned case.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion for Judgment of Acquittal and Motion for a New Trial.

Sentencing is scheduled for ___5/20/13 @ 1:30 p.m.___

**SO ORDERED** this __16__ day of APRIL, 2013.

_____

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 1 6 2013

____ T. Guerrero
Clerk, Superior Court of Guam

People v. Luke Allen Pangelinan Taitano (CF211-12)
Decision and Order – Defendant's Motion for Judgment of Acquittal & Motion for a New Trial